MANDATE

19-2859-cv
*Carter v. Autozoners, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand twenty.

Present:
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

FAITH CARTER,

> *Plaintiff-Appellant*,

v.                                                            19-2859-cv

AUTOZONERS, LLC,

> *Defendant-Appellee*.

For Plaintiff-Appellant:       JAMES V. SABATINI, Sabatini and Associates, LLC, Newington, CT

For Defendant-Appellee:   LAURIE M. RILEY, Jones Walker LLP, Miami, FL; Tracy E. Kern, Jones Walker LLP, New Orleans, LA

Appeal from a judgment of the United States District Court for the District of Connecticut (Eginton, *J.*).

1

MANDATE ISSUED ON 06/19/2020

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Faith Carter ("Carter") appeals from an August 22, 2019 judgment of the United States District Court for the District of Connecticut (Eginton, *J.*), granting Defendant-Appellee Autozoners, LLC's ("AutoZone") motion for summary judgment on Carter's claims of gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and the Connecticut Fair Employment Practices Act ("CFEPA"). This case concerns Carter's demotion from the position of store manager to parts sales manager following AutoZone's investigation into a heated altercation between Carter and a subordinate employee, DaJavon White-Hall ("White-Hall"). Carter's complaint alleges that her demotion was the result of gender discrimination and retaliation for her decision to file a complaint against White-Hall following their verbal dispute. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*   \*   \*

We review a district court's decision to grant a motion for summary judgment *de novo*. *See Baldwin v. EMI Feist Catalog, Inc.*, 805 F.3d 18, 25 (2d Cir. 2015). Summary judgment is appropriate when, viewed in the light most favorable to the non-moving party, the evidence raises "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In the course of our *de novo* review, we evaluate Carter's Title VII and CFEPA claims under the same legal standard. *See Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 556 (2d Cir. 2010) ("The analysis of discrimination and retaliation claims under CFEPA is the same as under Title VII."). In both contexts, we apply the burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under that framework, a plaintiff

2

alleging gender discrimination bears the initial burden of establishing a *prima facie* case by presenting sufficient evidence "to permit a reasonable jury to find that (1) she is a member of a protected class, (2) she was qualified for the job at issue, (3) she was subjected to an adverse employment action, and (4) the circumstances of that adverse action give rise to an inference of discrimination based on her class membership." *Bentley v. Autozoners*, *LLC*, 935 F.3d 76, 88 (2d Cir. 2019). A plaintiff alleging retaliation bears a similar burden to establish a *prima facie* case, which requires evidence "showing that (1) she engaged in protected activity, (2) the employer was aware of this activity, (3) she was subjected to an adverse employment action, and (4) a causal connection exists between the adverse action and her protected activity." *Id.* Should the plaintiff make a *prima facie* showing of discrimination or retaliation, the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory [or nonretaliatory] reason" for the adverse employment action. *McDonnell Douglas*, 411 U.S. at 802. If the defendant does so, the burden returns to the plaintiff to demonstrate that the defendant's "proffered reason was merely a pretext for an unlawful motive." *Bentley*, 935 F.3d at 88–89 (internal quotation marks omitted).

In this case, the district court correctly ruled that Carter could not meet her ultimate burden to demonstrate that AutoZone's nondiscriminatory, nonretaliatory reasons for her demotion were a pretext for unlawful activity. Assuming *arguendo* that Carter met her initial burden to establish a *prima facie* case of discrimination and retaliation, AutoZone has articulated a legitimate basis for Carter's demotion, and supported that basis with substantial admissible evidence.[1] AutoZone's

---

[1] Carter also argues that her demotion was a constructive discharge because she was offered an hourly rate that she alleges lowered her expected annual pay and because her supervisor informed her of her demotion where another employee might have overheard. We agree with the district court that Carter has not demonstrated the "deliberate actions render[ing] the employee's work conditions so intolerable as to compel resignation" necessary to make a showing of constructive discharge. *Petrosino v. Bell Atl.*, 385 F.3d 210, 230 (2d Cir. 2004). In any case, her demotion alone

3

investigation into Carter's altercation with White-Hall revealed that during the interaction, Carter responded unprofessionally to verbal invective from White-Hall in the presence of a customer. The investigation also revealed that on multiple occasions in the months preceding the altercation with White-Hall, Carter failed to report conduct by her subordinate employees that violated AutoZone's corporate policies, including commentary on a shopper's physical appearance that led the offended customer to complain directly to Carter. Declarations from AutoZone representatives explain that this conduct, and not Carter's gender or AutoZone's retaliatory animus, drove the decision to demote Carter to a lower managerial position. During the investigation and then later at her deposition, Carter admitted to the above conduct, all of which violated AutoZone's policies and subjected her to discipline up to and including termination.

Carter has not provided evidence sufficient for a jury to find that AutoZone's proffered explanation for her demotion was pretextual. Instead, she argues on appeal that a jury could decide that her admittedly disrespectful and unprofessional responses to White-Hall during their altercation were reasonable responses to his inflammatory statements, and that it was therefore inappropriate for AutoZone to demote her on that basis. But Title VII and the CFEPA do not empower us to second-guess the wisdom of a business's discretionary employment decisions based on its nondiscriminatory evaluations of employee conduct.[2] *See Delaney v. Bank of Am. Corp.*,

---

constitutes an "adverse employment action" for purposes of making out a *prima facie* case, so the fact that she was not constructively discharged has no bearing on the merit of her claims.

[2] Even if the reasonableness of Carter's reaction to White-Hall's conduct constituted competent evidence of pretext, Carter has provided no evidence to suggest that AutoZone's other stated reason for her demotion—her failure to report multiple instances of inappropriate employee conduct as required by company policy—was an illegitimate basis for demotion. Indeed, the declaration of the AutoZone human resources representative who recommended that Carter be demoted states that she could not recall ever recommending less than a demotion for similar conduct, and that she had recommended that two other store managers who failed to report physical and/or threatening misconduct be terminated.

4

766 F.3d 163, 169 (2d Cir. 2014) ("While we must ensure that employers do not act in a discriminatory fashion, we do not sit as a super-personnel department that reexamines an entity's business decisions." (internal quotation marks omitted)). Rather, it is our task to determine whether a jury could find that those decisions were motivated by discriminatory or retaliatory animus. Here, there is no evidence to suggest that they were, and Carter herself testified at her deposition that she does not believe that she was demoted because she is a woman. As such, the district court was correct to grant summary judgment for AutoZone.

We have considered Carter's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5